UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| DASHI HURSEY, # 273259, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-1277 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CORRECTIONS OFFICER SHERK, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. It is one of several lawsuits filed by plaintiff arising from his confinement at the Ionia Maximum Correctional Facility (ICF) in 2009. Plaintiff has a long history of serious mental illness.[1] Here, he sues the two ICF employees he attempted to bite on June 3, 2009 (Resident Unit Officer (RUO) Aaron Sherk and Corrections Officer Jason VanNortrick) and the ICF employee he did bite on June 17, 2009 (Sergeant Jennifer Gagne). The former action resulted in a major misconduct conviction and the latter in plaintiff's most recent criminal conviction. Plaintiff now alleges that he was the victim of defendants' use of excessive force in violation of his Eighth Amendment rights.

       The matter is before the court on defendants' motion for summary judgment. (docket # 36). Plaintiff has filed his response (docket #s 45, 47, 48). For the reasons set forth herein, I recommend that plaintiff's claims for injunctive and declaratory relief be dismissed because they are moot. I further recommend that plaintiff's claims for damages against defendants in their official

---

[1] The court takes judicial notice of plaintiff's history of mental illness as documented in the companion case of *Hursey v. Taglia, et al.*, 1:11-cv-388 (W.D. Mich.).

capacities be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I further recommend that defendants' motion for summary judgment be dismissed without prejudice on procedural grounds.

## Discussion

1. Mootness

Plaintiff is an inmate at the Marquette Branch Prison (MBP). Defendants are employed at ICF. Plaintiff's claims for injunctive and declaratory relief against defendants are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

2. Eleventh Amendment Immunity

All plaintiff's claims for damages against defendants in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendants are entitled to

dismissal with prejudice of all plaintiff's claims for monetary damages against them in their official capacities.

### 3. Eighth Amendment Claims

I recommend that the court dismiss defendants' motion for summary judgment without prejudice because the evidence presented by all parties is so procedurally deficient, the court cannot make a ruling on the merits of plaintiff's claims for damages against defendants in their individual capacities without committing reversible error.

Defendant Jennifer Gagne, the victim of plaintiff's criminal attack, did not file any certified records from the state-court proceedings which culminated in plaintiff's criminal conviction and sentence. Her affidavit (docket # 37-4, ID#s 180-81) provides no facts regarding incidents at issue, other than her denials that she used excessive force or permitted anyone else to do so. Defendants did not support their motion for summary judgment with medical or video evidence. Earlier this year, the Sixth Circuit reversed a decision of this court on a similar Eighth Amendment claim for failure to *sua sponte* order the filing of video evidence. *See Peterson v. Jones*, No. 11-1551, slip op. at 4 (6th Cir. Feb. 24, 2012). Thus, if video evidence exists, defendants must present it to the court.

Plaintiff's evidence is equally flawed. His "affidavit" (docket # 48-1, ID#s 243-44) was not subscribed and sworn under penalty of perjury before a notary public. Further, the document does not satisfy the statutory requirements for an unsworn declaration. *See* 28 U.S.C. § 1746. Among other things, an unsworn declaration must unambiguously state: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." *Id.* Plaintiff's declaration

is not made "under penalty of perjury." (docket # 48-1, ID# 244, ¶ 9). Thus, it fails to satisfy the foundational requirement of an unsworn declaration. *See* 28 U.S.C. § 1746; *see also Sfakianos v. Shelby County Gov't*, No. 11-5658, 2012 WL 2044372, at * 1 (6th Cir. June 6, 2012); *Tenneco Auto Operating Co. v. Kingdom Auto Parts*, 410 F. App'x 841, 847-48 (6th Cir. 2010). If plaintiff expects the court to give any credence to his story that he "sneezed very hard" in Ms. Gagne's direction, but never touched her, and that he was brutally attacked and kicked in the face, testicles, and legs by his female victim (docket # 48-1, ID# 244), he must unambiguously state so under penalty of perjury in an affidavit complying with *all* the requirements of FED. R. CIV. P. 56(c)(4) or an unsworn declaration satisfying *all* the statutory requirements of 28 U.S.C. § 1746. The same is true for his other statements, such as his assertion that defendants Sherk and VanNortrick "slammed" his face into a concrete wall, but apparently inflicted no significant injuries. (docket # 48-1, ID# 243). Specific statements of fact made under penalty of perjury are required. Hyperbole and legal conclusions do not suffice. Federal litigation is not a game for plaintiff's amusement, nor a tool for him to exact a measure of revenge on MDOC employees involved in major misconduct or criminal proceedings against him. If plaintiff makes specific factual statements under penalty of perjury which later prove false in light of video or other evidence, he will be subject to all the attendant legal sanctions.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claims for injunctive and declaratory relief be dismissed as moot. I further recommend that plaintiff's claims for damages against defendants in their official capacities be dismissed with prejudice because they are barred

by Eleventh Amendment immunity. I further recommend that the court dismiss defendants' motion for summary judgment without prejudice.


Dated:  September 10, 2012         /s/  Joseph G. Scoville
                                   United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).