UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DASHI HURSEY,

    Plaintiff,

                                                               File No. 1:10-CV-1277

v.

                                                               HON. ROBERT HOLMES BELL

UNKNOWN SHIRK, et al.,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION AS MODIFIED

On September 10, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims for injunctive and declaratory relief be dismissed as moot, that Plaintiff's claims for damages against Defendants in their official capacities be dismissed with prejudice, and that Defendants' motion for summary judgment (Dkt. No. 36) be dismissed without prejudice. (Dkt. No. 52.) This matter is before the Court on Defendants' objections to the R&R. (Dkt. No. 55.) Plaintiff has not filed an objection, and the time for doing so has passed. Thus, he has waived his right to object.

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to

enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Defendants contend that the Magistrate Judge misapplied the burden-shifting framework for summary judgment. The Court is required to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)).

The moving party only bears the burden of showing the absence of a genuine issue of material fact:

> [A] motion for summary judgment may be made pursuant to Rule 56 "with or without supporting affidavits." . . . [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Thus, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Then the burden shifts to the nonmoving party, who can oppose a summary judgment motion with any of the evidentiary materials listed in Rule 56(c) "except the mere pleadings themselves." *Id.* at 324.

2

"Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

Defendants met their initial burden by pointing out that Plaintiff had presented no evidence in support of his claims. (*See* Dkt. No. 37.) They were under no obligation to supply affirmative evidence of their own. There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex*, 477 U.S. at 323. Thus, it is of no matter that some of the evidence presented by Defendants was "procedurally deficient." (Dkt. No. 52, at 3.) Nor does it matter that Defendants did not present other possible evidence. Nevertheless, the R&R concluded that "if video evidence exists, defendants must present it to the court." (Dkt. No. 52, at 3.) This conclusion is wrong. To require Defendants to affirmatively present evidence belies the holding in *Celotex*. The case the R&R relies upon in support, *Peterson v. Jones*, No. 11-1551, slip op. at 4 (6th Cir. Feb. 24, 2012), is distinguishable from the present case.

First, in *Peterson* the plaintiff did proffer evidence. Namely, his complaint was verified and directly contradicted the defendant's declarations of fact. *Id.* at 3. Here, Plaintiff's complaint was not verified and was unsupported by any evidence. Second, the Sixth Circuit in *Peterson* pointed out that the district court record indicated that the plaintiff "tried to obtain the video, argued that it would support his case, and requested that the court

3

review it." *Id.* at 4. It was under those circumstances that the Sixth Circuit concluded that the district court should have ordered the defendant to produce the video. However, in the present case, the Plaintiff has not attempted to introduce any video into evidence. Plaintiff's response to the motion for summary judgment does reference the major misconduct hearing concerning the events in question, in which the hearing officer found Plaintiff guilty, partially on the basis of a video. (Dkt. No. 48, at 3.) However, Plaintiff himself makes no attempt to rely upon this video.

There is no way the Court can construe Plaintiff's vague references to the video as a discovery request pursuant to Rule 56(d). The Court will not supplement Plaintiff's pleadings by ordering the Defendants to produce a video which Plaintiff has not requested. Thus the R&R was incorrect to dismiss the motion for summary judgment due to faults with the evidence presented by Defendants.

However, the motion for summary judgment should be denied on other grounds not discussed in the R&R. Under *Celotex*, after the Defendants pointed out Plaintiff's lack of evidence, the burden then shifted to Plaintiff to respond with evidence in support of his claims. The R&R incorrectly concluded that Plaintiff failed to do so. The R&R was correct in pointing out that Plaintiff's purported affidavit (Dkt. No. 48, Attach. 1) was not subscribed and sworn under penalty of perjury before a notary public. However, the R&R ignored the fact that Plaintiff also provided a sworn declaration. (Dkt. No. 45, at 16-17.) This document was sworn "under penalty of perjury" before a notary public. (*Id.*) Because it is a valid

4

affidavit under 28 U.S.C. § 1746, this document constitutes evidence within the meaning of Rule 56(c). Consequently, Plaintiff's case does not rest entirely on his pleadings. Because the factual allegations contained within the sworn declaration contradict the factual allegations made by Defendants, there is a genuine issue of material fact and summary judgment will be denied. Accordingly,

**IT IS HEREBY ORDERED** that the September 10, 2012, R&R (Dkt. No. 52) is **APPROVED** and **ADOPTED AS MODIFIED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's claims for injunctive and declaratory relief are **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's claims for damages against Defendants in their official capacities are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 36) is **DENIED**.


Dated: September 28, 2012                /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE