UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| DASHI HURSEY, # 273259, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-1277 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| AARON SHERK, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. It is one of several lawsuits filed by plaintiff arising from his confinement at the Ionia Maximum Correctional Facility (ICF) in 2009. Plaintiff has a long history of serious mental illness.[1] Here, he sues the two ICF employees he attempted to bite on June 3, 2009 (Resident Unit Officer (RUO) Aaron Sherk and Corrections Officer Jason VanNortrick) and the ICF employee he did bite on June 17, 2009 (Sergeant Jennifer Gagne).[2] The former action resulted in a major misconduct conviction and the latter in plaintiff's most recent criminal conviction. Plaintiff now alleges that he was the victim of defendants' use of excessive force in violation of his Eighth Amendment rights.

The matter is before the court on defendants' motion for summary judgment. (docket # 96). Plaintiff has filed his response. (docket #s 107-08). For the reasons set forth herein, I

---

[1]The court takes judicial notice of plaintiff's history of mental illness as documented in the companion case of *Hursey v. Taglia, et al.*, 1:11-cv-388 (W.D. Mich. Sept. 10, 2012).

[2]"ICF prisoners are the highest security and least manageable inmates in the State." *Bailey v. King*, No. 1:08-cv-542, 2010 WL 301309, at *1 n.1 (W.D. Mich. Jan. 21, 2010) (collecting cases).

recommend that defendants' motion for summary judgment be granted and that judgment be entered in defendants' favor on all plaintiff's claims.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. In June 2009, plaintiff was a maximum-security inmate at the Ionia Correctional Facility (ICF). (Plf. Dep. at 6-7, docket # 97-4, ID# 444; Plf. Aff. ¶ 3, docket # 108, ID# 539). Resident Unit Officer (RUO) Aaron Sherk, Corrections Officer Jason VanNortrick, and Sergeant Jennifer Gagne were employed by the Michigan Department of Corrections (MDOC) at ICF. (Sherk Aff. ¶ 2, docket # 97-2, ID# 437; VanNortrick Aff. ¶ 2, docket # 97-3, ID# 440; Gagne Aff. ¶ 2, docket # 100, ID# 511).

1. June 3, 2009

On June 3, 2009, plaintiff had an out-of-cell[3] meeting in the prison's day room. The meeting lasted less than a minute, because plaintiff discovered that "psych personnel" were present in the room with custody personnel. Plaintiff refused to speak in front of "psych personnel." (Plf. Dep. at 21, ID# 447). Plaintiff had to wait for about fifteen minutes in the cage inside the day room before he could be taken back to his segregation unit cell, because of a shift change. (Plf. Dep. at 21-22, 46-47, ID#s 447-48, 454). RUO Sherk and Officer VanNortrick were the officers assigned to escort plaintiff back to his maximum security cell. The video evidence shows that plaintiff initially offered a level of resistance sufficient to attract the attention of other corrections officers in the area, but not yet high enough to require intervention to assist Sherk and VanNortrick. Three officers ended up trailing a short distance behind plaintiff and his two-officer escort. Plaintiff began to twist and resist, refusing to walk to his cell. He then made unsuccessful attempts to bite RUO Sherk and Officer VanNortrick.[4] In order to gain control over plaintiff, VanNortrick and Sherk pulled plaintiff to the floor. The three nearby officers and others responded. Plaintiff was returned to his cell without further incident. (Sherk Aff. ¶¶ 3-10, ID#s 437-38; VanNortrick Aff. ¶¶ 3-10, ID#s 440-41; Gagne Aff. ¶¶ 3-5, ID# 512; video recording, docket # 101). Plaintiff states that he

---

[3]"The Administrative Segregation Units of prisons are the highest level units which are reserved for the most dangerous and/or disruptive prisoners. Prisoners in administrative segregation . . . are escorted by two or more staff members for all out-of-cell movements, and are required to be hand cuffed and leg shackled for all out-of-cell movements." *Bailey v. King*, 2010 WL 310309, at * 3 n.2.

[4]In 1999, plaintiff bit a corrections officer at the Michigan Reformatory. His action resulted in a criminal conviction for attempted assault of a prison staff member. (12/20/1999 Judgment, docket # 99, ID# 509; Plf. Dep. at 35, 68, ID#s 451, 459).

suffered minor injuries during this altercation (Plf. Dep. at 38), but there is no medical evidence that he suffered any injury.[5]

A hearing officer found plaintiff guilty of the major misconduct of threatening behavior: "At about 1419 hrs., while under escort to his segregation cell, the prisoner turned toward C/O VanNortrick and RUO and attempted to bit[e] them, which HO finds to be an attempted assault" which met the criteria for the major misconduct of threatening behavior. (Major Misconduct Hearing Report, docket # 97-8, ID# 482). Plaintiff received the disciplinary sanctions of detention and loss of privileges. (Plf. Dep. at 45-46, ID#s 453-54; Major Misconduct Hearing Report, ID# 482).

Plaintiff now states that he offered no resistance, did not attempt to bite the officers, and was punched by Sherk and kicked by Sherk and VanNortrick. (Plf. Dep. Dep. at 26-40, ID#s 448-52). Plaintiff's version of events is blatantly contradicted by the video evidence.[6]

---

[5] Plaintiff emphasizes that a portion of a critical incident report (docket # 97-7, ID# 468) stated that he had "some swelling in his right upper jaw and had pain in his wrist." (Plf. Brief at 7). Critical incident reports are hearsay. No party has argued that the reports satisfy any exception to the general proscription against admission of hearsay. *See Padgett v. Caruso*, No. 1:10-cv-950, 2011 WL 4701765, at * 6 (W.D. Mich. Aug. 17, 2011). Even assuming that plaintiff could somehow overcome his hearsay within hearsay problem regarding statements attributed to a nurse, the minor injuries described in the report would only serve to further undermine his claims that defendants used excessive force.

[6] The Supreme Court and the Sixth Circuit have recognized that the court need not accept a party's characterization of events as true where, as here, it is blatantly contradicted by the video evidence. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007); *Neal v. Melton*, 453 F. App'x 572, 577 (6th Cir. 2011).

2. June 17, 2009

On June 17, 2009, plaintiff's out-of-cell movement was from his segregation unit cell to the showers. Sergeant Gagne was standing at the top of the steps, leaning against a wall, with her hands on the handrail. (Plf. Dep. at 53, ID# 455; video recording, docket # 97-9, ID# 484; docket # 101). As plaintiff reached Gagne, he suddenly lunged at her and bit her left forearm before the escorting guards could regain control. Gagne was merely the victim of plaintiff's assault; she never hit or kicked plaintiff. (Gagne Aff. ¶¶ 6-8, ID# 512; video recording, docket # 101). Sergeant Gagne required hospital treatment for her bite wound. (Gagne Aff. ¶ 9, ID# 512). On July 11, 2011, plaintiff pled *nolo contendere* to the criminal charge of assaulting a prison employee.[7] (Plf. Dep. at 51-52, 65-66, ID#s 455-56, 458-59; Gagne Aff. ¶ 11, ID# 513; 8/23/11 Judgment, docket # 97-11, ID# 504). Plaintiff's assertion that he "sneeze[d] real hard" in Gagne's direction and never bit her (Plf. Aff. ¶ 21, ID# 542; Plf. Dep. at 51, 54, ID#s 455-56) is preposterous and blatantly contradicted by the video evidence. Plaintiff states that he sustained minor injuries during this confrontation with prison guards (Plf. Dep. at 61, ID# 457), but he has produced no supporting medical evidence.

**Discussion**

As a prisoner incarcerated under a criminal conviction, plaintiff's principal substantive rights are guaranteed by the Cruel and Unusual Punishments Clause of the Eighth Amendment.[8] *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment

---

[7] Plaintiff testified in his deposition that he "lied under oath" when he entered his plea on the criminal charge for assaulting defendant Gagne. (Plf. Dep. at 67, ID# 459). Plaintiff's admitted penchant for perjury does not undermine the compelling video evidence.

[8] The Eighth Amendment's Cruel and Unusual Punishments Clause applies to the States through the Fourteenth Amendment's Due Process Clause. *See Graham v. Florida*, 560 U.S. 48, 53

embodies a constitutional limitation on the power of the states to punish those convicted of crimes. To establish a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham*, 430 U.S. at 670. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312, 320-21 (1986)]: whether the force was applied as a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Plaintiff has not presented evidence upon which any rational trier of fact could find in his favor on either component of Eighth Amendment claims against defendants.

To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See Leary v. Livingston County*, 528 F.3d 438, 445 (6th Cir. 2008); *see also Richmond v. Settles*, 450 F. App'x 448, 454 (6th Cir. 2011); *Pruett v. Hatchett*, 292 F. App'x 408, 409 (5th Cir. 2008). To be sure, under *Hudson v. McMillian*, guards may not inflict an unjustified beating upon a prisoner and then seek to defend their actions by the lack of serious or life-threatening injuries. *See McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990). By the same token, if the objective component of the

---

(2010). Eighth Amendment is used throughout this report and recommendation as convenient shorthand.

Eighth Amendment is to mean anything, it cannot be satisfied by a mere unwanted touching. *See Walters v. Corrections Corp. of Am.*, 119 F. App'x 190, 192-93 (10th Cir. 2004); *Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998); *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237, at * 1 (6th Cir. Jan. 31, 1996) ("[N]ot every push or shove, even if it appears to be unnecessary, violates a prisoner's constitutional rights."); *Norman v. Taylor*, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (*en banc*). Plaintiff has not shown any serious deprivation. He resisted guards while he was being escorted, bit one officer and attempted to bite others, and at most, suffered minor injuries when he was subdued after each attack on prison employees. This does not approach satisfying the objective component of an Eighth Amendment claim.

Plaintiff falls short of satisfying the subjective component of an Eighth Amendment claim. "In determining whether the use of force was wanton or unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. at 321). It is difficult to imagine a prisoner who posed a greater threat to the safety of a prison guard than plaintiff did on the dates in question. He was an inmate housed in a segregation cell at Michigan's highest security level prison with a history of attacking and biting corrections officers. The video evidence shows that defendants used minimal force in order to restrain plaintiff and protect themselves. Far more forceful responses would have been justified without violating the Eighth Amendment's Cruel and Unusual Punishments Clause. No reasonable trier of fact could find on the present record that defendants acted maliciously and sadistically for the purpose of causing plaintiff serious harm. *See Hudson*, 503 U.S. at 7.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 96) be granted and that judgment be entered in defendants' favor on all plaintiff's claims.


Dated:  December 19, 2013			/s/  Joseph G. Scoville
						United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).